FILED

JAMES J. VILT JR,
CLERK

5/14/2026

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*(Electronically Filed)*

KAUFMAN & STIGGER, PLLC )
)
Plaintiff )
)
vs. )    Civil Action No.:  3:26CV-355-GNS
)    Judge Greg N. Stivers
HUGHES & COLEMAN )    Magistrate Judge:_____
    Serve:  ELPO Corporate Services, LLC )
        1101 College Street )
        Bowling Green, KY  42101 )
)    **JURY TRIAL DEMANDED**
-and- )
)
AMERICAN ASSOCIATION OF )
MOTORCYCLE INJURY LAW, INC. )
    Serve: Ari S. Levenbaum )
        7882 E Gray Rd, Ste 3 )
        Scottsdale, AZ  85260 )
        Defendants )

## <u>VERIFIED COMPLAINT</u>

Plaintiff, Kaufman & Stigger, PLLC ("Plaintiff") formerly Kaufman Stigger & Hughes[1],

by and through counsel, for its Complaint against Defendants, Hughes & Coleman, PLLC

("H&C") and American Association of Motorcycle Injury Law, Inc. ("AAMIL") (collectively,

"Defendants"), states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for unregistered trademark infringement, unfair competition, and

false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for

substantial and related claims of infringement and unfair competition under the laws of the

Commonwealth of Kentucky, all arising from the Defendants' unauthorized use of "Law Tigers"

---

[1] Plaintiff's former partner Hughes is not related to Defendant Hughes & Coleman but the former use of Hughes is an additional fact of note.

and other tiger words and imagery which is confusingly similar to Plaintiff's TIGER Mark (defined below) in connection with the marketing, advertising, and/or promotion of Defendants' legal services in the territory where Plaintiff has established rights.

2.　Plaintiff seeks preliminary and permanent injunctive and monetary relief.

## JURISDICTION AND VENUE

3.　The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States, 28 U.S.C. § 1338(a) and (b), this being an action for infringement of an unregistered mark and federal unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 because the claims arising under the laws of the Commonwealth of Kentucky are so related to the federal claims alleged herein that they form part of the same case or controversy under Article III of the United States Constitution.

4.　The Court has personal jurisdiction over Defendant H&C because said Defendant is a professional limited liability company formed under the laws of the Commonwealth of Kentucky, resides in the jurisdiction in which this Court sits, and is subject to service of process in this State.

5.　The Court has personal jurisdiction over Defendant AAMIL under the Kentucky long-arm statute KRS 454.210 because said Defendant transacts business in this State and has caused injury in this State.

6.　Venue is proper in this district under 28 U.S.C. § 1391, in that Defendants are subject to personal jurisdiction in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

7.　Plaintiff is a professional limited liability company formed under the laws of the Commonwealth of Kentucky, with its principal place of business at 7513 New La Grange Rd.,

Louisville, Kentucky 40222.  Plaintiff is a law firm operating in Louisville, Kentucky and various other parts of Kentucky and Southern Indiana.

8.    Upon information and belief, Defendant H&C is a professional limited liability company formed under the laws of the Commonwealth of Kentucky, with its principal place of business at 5004 Poplar Level Rd., Louisville, Kentucky 40219.  Defendant H&C is a law firm operating in Louisville, Kentucky and various other parts of Kentucky and Southern Indiana.

9.    Upon information and belief, Defendant AAMIL is a corporation that is incorporated in Arizona, with its principal place of business at 362 N. Third Ave., Phoenix, Arizona 85003.  Defendant AAMIL is a national organization for personal injury law firm licensees.

**FACTS**

A.    <u>Plaintiff's Rights in the TIGER Mark</u>

10.    Plaintiff is a personal injury law firm that has been recognized for its exceptional legal service through various organizations such as Martindale-Hubbell, AVVO, and Super Lawyers.

11.    Since in or around 2001, Plaintiff has prominently, continuously, and exclusively used the word TIGER, TIGER logos, the slogan TIGER ON YOUR SIDE, the domain getthetiger.com, and related TIGER marketing themes (collectively, the "TIGER Mark") for legal services in Louisville and Lexington, Kentucky (collectively, the "Territory").  Attached hereto as Exhibit 1 are representative samples of advertisements and other materials showing Plaintiff's use of the TIGER Mark in connection with Plaintiff's legal services over the years.

12.    Beginning in 2001, Plaintiff retained the services of an advertising and marketing agency, Blue Dog Productions, located in Dayton, Ohio for the purpose of producing marketing campaigns, including television and other advertisements, for Plaintiff.

13.     Blue Dog productions created the "tiger concept" in the 1990's for use by a personal injury law firm in Ohio.

14.     As part of the arrangement between Plaintiff and Blue Dog, the parties entered into a service agreement and, thereafter, license agreements for Plaintiff's use of the "tiger concept," including the tiger images and other tiger-related marketing items utilized by Plaintiff as part of the TIGER Mark to identify its legal services.

15.     The agreements granted Plaintiff the exclusive rights to utilize the "tiger concept" in the Territory, and also Bowling Green, Kentucky and Evansville, Indiana.

16.     Plaintiff has invested substantial time, money, and resources marketing, advertising, and promoting its legal services under the TIGER Mark via television advertisements, digital and social media, print ads, billboards, and other marketing channels.

17.     In fact, Plaintiff has invested millions over the years advertising and promoting its law firm under the TIGER Mark.

18.     Over the years, consumers within the Territory have come to recognize the TIGER Mark as signifying the quality legal services provided by Plaintiff.  Through and as a result of the longtime use of the TIGER Mark, the TIGER Mark has acquired substantial goodwill and value to Plaintiff.

19.     As a result of Plaintiff's decades-long exclusive use in the Territory, the TIGER Mark has achieved widespread public recognition and acceptance throughout the Territory in connection with Plaintiff's legal services.  Plaintiff's TIGER Mark is distinctive to both the consuming public and Plaintiff's trade in the Territory.

20.     As a result of its continuous and exclusive use of the TIGER Mark in the Territory to identify its legal services and Plaintiff as their source, Plaintiff has acquired valid and subsisting common law rights to the TIGER Mark.

21.     Plaintiff is likely to be damaged by the actions of Defendants as set forth herein.

B.    The 2019 Notice and Defendants' Prior Knowledge

22.    Defendant H&C is a personal injury law firm providing legal services in the Territory, including Louisville and Lexington, Kentucky.  H&C was formed in 2010 by its initial officers J. Marshall Hughes and Lee L. Coleman.

23.    Prior to the formation of H&C, J. Marshall Hughes and Lee L. Coleman were principals in prior personal injury law firms doing business as "Hughes & Coleman" in Kentucky, including Louisville, Lexington, and Bowling Green since as early as 1987 and continuing to the present.

24.    Upon information and belief, Defendant H&C is well aware of Plaintiff's longstanding use of the TIGER Mark, and has been aware of such use for many years.

25.    Defendant AAMIL, a national organization for personal injury law firms providing marketing services to members like Defendant H&C, has also been aware of Plaintiff's TIGER Mark since at least 2019.

26.    Defendant AAMIL obtained federal trademark registrations for the LAW TIGERS, U.S. Reg. No. 2859697 (filed June 18, 2003) attached as Exhibit 2 and for a logo consisting of a Tiger Head and Road Imagery (the "Law Tigers Logo"), U.S. Reg. No. 2920420 (filed July 15, 2003) attached as Exhibit 3.  LAW TIGERS and the Law Tiger Logo are collectively referred to as AAMIL's Marks.

27.    On July 26, 2019, Defendant AAMIL's counsel sent Plaintiff a cease-and-desist letter alleging Plaintiff's use of the Tiger Mark and certain domains containing "lawtiger" constituted trademark infringement and cybersquatting based on AAMIL's Marks.  Defendant AAMIL further asserted that Plaintiff's registration and use of domain names containing "lawtigers," and the use of the word "tiger" and tiger-related images was causing consumer confusion and giving consumers the mistaken belief that Plaintiff was a member of Defendant AAMIL's organization.

5

28.     On August 5, 2019, Plaintiff responded, detailing its use of the TIGER Mark since 2001, and that based on Plaintiff's investigation, such use in the Territory predated Defendant AAMIL's first use of its tiger-related domain name and logos, and the filing dates of Defendant AAMIL's federal trademark applications.

29.     In its response, Plaintiff agreed to not use any domain name specifically using "lawtigers."  However, Plaintiff's response specifically informed Defendant AAMIL that Plaintiff held prior rights in the Territory for Plaintiff's use of the TIGER Mark and that such use precluded Defendant AAMIL from entering the Territory with any confusingly similar uses of tiger-related slogans, logos, or marks.

30.     Plaintiff's August 5, 2019 letter also informed Defendant AAMIL that Plaintiff's investigation led it to believe that Defendant AAMIL already knew it was the junior user in the Territory.  Plaintiff's belief was based on the fact that Defendant AAMIL's website did not list any member law firms in Kentucky or Indiana, despite its affiliation with Defendant H&C which had offices in Tennessee and Kentucky, but identified its association with Law Tigers in Tennessee only.

31.     Defendant AAMIL responded to Plaintiff's letter on August 6, 2019 indicating that since Plaintiff had stopped using any domains containing "lawtigers" that no further action was required.

32.     Defendant AAMIL's silence as to Plaintiff's use of other features of the TIGER Mark led Plaintiff to believe Defendants acknowledged Plaintiff's superior trademark rights in the Territory.

C.     Defendants' Recent Unlawful Activities

33.     Despite the above, including Plaintiff's decades-long use of the TIGER Mark and more than six years after the parties' prior correspondence, Defendant H&C, without Plaintiff's

authorization, recently began using AAMIL's Mark and other confusingly similar tiger references in the Territory.

34. Specifically, Defendant AAMIL has begun marketing LAW TIGERS, the Law Tigers Logo, and related tiger imagery as being provided in the Commonwealth of Kentucky and particular cities in Kentucky. Examples of such use by Defendant AAMIL can be found at https://lawtigers.com /locations/Kentucky/; https://ads.lawtigers.com/law-tigers-kentucky, https://lawtigers.com/locations/kentucky/louisville/ and on social media. The AAMIL marketing of legal services in connection with the AAMIL Marks in Kentucky refers to Defendant H&C.

35. Use of LAW TIGERS, the Law Tiger Logo, and related tiger imagery in the Territory by Defendants is referred to as the "Infringing Use".

36. On May 1, 2026, Plaintiff's counsel sent a cease-and-desist letter to Defendants objecting to Defendants' Infringing Use. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's counsel's cease and desist letter to Defendants which includes examples of the Infringing Use.

37. The Infringing Use by Defendants is confusingly similar to Plaintiff's TIGER Mark. The Tiger Mark and the Infringing Use feature a tiger with green eyes, with its mouth open. The tiger imagery used by the parties is visually similar and creates an overall similar commercial impression of an aggressive tiger fighting for legal rights.

38. Plaintiff and Defendant H&C provide directly competitive personal injury legal services.

39. The legal services Defendant H&C has marketed, advertised, and promoted using AAMIL's Mark are nearly identical to the services provided by Plaintiff. Plaintiff and Defendant H&C are both law firms that provide legal services in the Territory to individuals that have been injured for any number of reasons, including motorcycle, car, and truck accidents.

40.     Defendant H&C has marketed, advertised, and promoted its legal services using AAMIL's Mark through overlapping marketing channels as Plaintiff, including via television and radio advertisements and digital and social media.

41.     Upon information and belief, Defendant AAMIL provides Defendant H&C marketing services in the Territory, which includes providing Defendant H&C with the underlying materials to use the AAMIL Marks and aiding and abetting Defendant H&C's Infringing Use to market, advertise, and promote its legal services in the Territory.

42.     By letter dated May 11, 2026, counsel for Defendants responded to Plaintiff's cease and desist letter indicating neither H&C nor AAMIL would discontinue the Infringing Use. A true and correct copy of this letter is attached as Exhibit 5.

43.     Defendants' infringing acts as alleged herein have likely caused and are likely to continue causing confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' legal services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' legal services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

44.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's TIGER Mark, cause confusion and deception in the Territory, and divert potential business of Plaintiff's legal services to Defendants.

45.     Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### (Federal Unregistered Trademark Infringement and Unfair Competition)

46.     Plaintiff repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47.    Defendants' unauthorized Infringing Use in commerce in the Territory is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

48.    Defendants' unauthorized Infringing Use in commerce in the Territory as alleged herein constitutes unregistered trademark infringement, unfair competition, and/or use of a false designation of origin and misleading description and representation of fact.

49.    Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

50.    Defendant's conduct as alleged herein constitutes unregistered trademark infringement, false designation of origin, and/or unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public in the Territory unless enjoined by the Court.  Plaintiff has no adequate remedy at law.

52.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Kentucky Common Law Trademark Infringement)

53.    Plaintiff repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth herein.

54.    Defendants have been using confusingly similar trademarks in connection with promoting and/or providing directly competing personal injury legal services.

55.    Plaintiff's continuous use of the Tiger Mark in the Territory for over 25 years since a time pre-dating Defendant AAMIL's federal trademark registrations and predating Defendant H&C's Infringing Use establishes Plaintiff's priority in the Territory.

56.    Defendants' unauthorized use of its marks is likely to cause confusion among the public as to the source of Defendants' services.

57.    Defendants' actions described herein constitute trademark infringement in violation of the common law of Kentucky.

58.    Defendants' actions were taken with full knowledge of Plaintiff's rights.

59.    By reason of the Defendants' actions, Plaintiff faces immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

60.    The trademark infringement of Defendants has caused and continues to cause Plaintiff substantial and immediate irreparable injury, including the actual and potential loss of client relationships, market share, and goodwill.

61.    Unless enjoined, Defendants will continue to infringe and cause further injury to Plaintiff.

62.    Because Plaintiff has, and will continue to be, injured because of Defendants' conduct, including willful conduct, Plaintiff is entitled to injunctive relief and the recovery and compensatory damages, punitive damages, special damages, and attorneys' fees.

**COUNT THREE**
**(Kentucky Unfair Competition)**

63.     Plaintiff repeats and realleges paragraphs 1 through 62 hereof, as if fully set forth herein.

64.     Defendants have unfairly profited by using in the Territory Plaintiff's TIGER Mark in such a way that exploits Plaintiff's goodwill.

65.     By using Plaintiff's TIGER Mark, Defendants have unfairly taken Plaintiff's business and impaired Plaintiff's goodwill.

66.     Defendants' unauthorized use of the TIGER Mark likely has, and will likely continue to cause, confusion in the Territory.

67.     Defendants' unauthorized use of the TIGER Mark in the Territory constitutes false designation of origin, false or misleading description of fact, and false or misleading representation of fact, and has likely caused and is likely to continue to cause confusion, mistake, and deception as to the origin, source, sponsorship, or affiliation of Defendants' services with Plaintiff.

68.     Defendants have committed unfair competition under the common law of Kentucky.

69.     Upon information and belief, Defendants' acts as alleged herein are intentional and willful violations of Plaintiff's rights.

70.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

71.     Plaintiff is entitled to, among other relief, injunctive relief, actual damages, Defendants' profits, punitive and exemplary damages under Ky. Rev. Stat. 411.184(2), reasonable attorneys' fees, and costs of the action.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1.    That Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.    That Defendants have committed unfair competition under the common law of Kentucky by marketing, advertising, and promoting services through their Infringing Use by using LAW TIGERS, the Law Tigers Logo, and tiger imagery.

3.    That Defendants' conduct was intentional, willful, and in flagrant disregard for Plaintiff's rights.

4.    Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.    continuing the Infringing Use, including providing, marketing, advertising, promoting, or authorizing any third party to provide, market, advertise, or promote Defendants' services in the Territory using LAW TIGERS, the Law Tigers Logo, and tiger imagery that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TIGER Mark;

b.    engaging in any activity that infringes Plaintiff's rights in its TIGER Mark in the Territory;

c.    engaging in any activity constituting unfair competition with Plaintiff;

d.    making or displaying any statement, representation, or depiction that is likely to lead the public in the Territory to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's services are in any manner approved, endorsed, licensed,

sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

e. using or authorizing any third party in the Territory to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business and/or services with Plaintiff or tend to do so; and,

f. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (e).

5. Granting such other and further relief as the Court may deem proper to prevent the public and trade in the Territory from deriving the false impression that any services marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

6. Directing Defendants to immediately cease all displays, marketing, advertising, and/or promotions that feature or bear any designation or mark incorporating the Infringing Use and/or the LAW TIGERS, the Law Tigers Logo, and tiger imagery or any other designation or mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TIGER Mark, and to direct all other individuals and establishments wherever located in the Territory that display, market, advertise, and/or promote Defendants' services to cease forthwith the display, marketing, advertising, and/or promotion of any and all services featuring or bearing the Infringing Use and/or the LAW TIGERS, the Law Tigers Logo, or tiger imagery or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's TIGER Mark, and to immediately remove them from public access and view in the Territory.

7.    Directing that Defendants recall and deliver up for destruction all advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Use and/or the LAW TIGERS, the Law Tigers Logo, or tiger imagery or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's TIGER Mark.

8.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

9.    Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10.    Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

11.    Awarding Plaintiff damages and/or Defendants' profits, punitive and exemplary damages, and reasonable attorneys' fees and costs in accordance with the common law of Kentucky.

12.    Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

13.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

14.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

15.    That Defendants are jointly and severally liable.

14

16.    A jury trial on all issues so triable.

17.    Awarding such other and further relief as the Court deems just and proper.

## DECLARATION

I, ___*Cara W. Stigger*___ , declare under penalty of perjury that I am ___*member*___ of Plaintiff Kaufman & Stigger, PLLC, and that I have read the foregoing Verified Complaint, and that the statements set forth therein are true to the best of my information and belief.  I additionally attest that all exhibits attached thereto are true and correct copies.

Cara Stigger, Esq.

Dated: __05/14/2026__

Respectfully submitted,

*s/ Robert J. Theuerkauf*
Amy B. Berge
Robert J. Theuerkauf
Jason H. Raff
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
(502) 677-4729
aberge@grayice.com
rjt@grayice.com
jraff@grayice.com
*Counsel for Plaintiff*

15